UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS LUGO,

                              Plaintiff,

              -against-

LESBIAN & GAY COMMUNITIES SERVICES
CENTER; CHRIS LaPLANT,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:   9/16/2021

21-CV-7423 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

        Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. §§ 2000e to 2000e-17, the New York State Human Rights Law, N.Y. Exec. Law

§§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to

131, alleging that his employer discriminated against him based on his sex. By order dated

September 7, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

        Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that summonses and the complaint be served within 90 days

of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the complaint until the Court reviewed the complaint and ordered that a

summons be issued. The Court therefore extends the time to serve until 90 days after the date

summonses are issued. If the complaint is not served within that time, Plaintiff should request an

extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that

it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to complete the USM-285 forms with the addresses for Defendants Lesbian & Gay Communities Services Center and Chris LaPlant and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, along with an information package.

SO ORDERED.

Dated:    September 16, 2021
          New York, New York

_____
VERNON S. BRODERICK
United States District Judge

2

**DEFENDANTS AND SERVICE ADDRESSES**

1.  Lesbian & Gay Communities Service Center
    208 West 13th Street
    New York, N.Y. 10011

2.  Chris LaPlant
    Lesbian & Gay Communities Service Center
    208 West 13th Street
    New York, N.Y. 10011