```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CARLOS LUGO,                                                :
                                                            :
                              Plaintiff,                    :
                                                            :        21-CV-7423 (VSB)
               -against-                                    :
                                                            :              ORDER
LESBIAN & GAY COMMUNITIES                                   :
SERVICE CENTER, et al.,                                     :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

  I am in receipt of the motion for the Court to appoint pro bono counsel, (Doc. 18), filed by Plaintiff Carlos Lugo on December 29, 2021.

  In determining whether to appoint pro bono counsel, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for appointment of counsel, Plaintiff must demonstrate that his or her claim has substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). Additionally, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant appointment of counsel indiscriminately. *Cooper*, 877 F.2d at 172. A more fully developed record will be necessary before it can be determined whether Plaintiff's chances of success warrant the appointment of counsel.

  Accordingly, it is hereby ORDERED that Plaintiff's application for the appointment of

counsel is denied without prejudice to renewal at such time as the existence of a potentially meritorious claim may be demonstrated, including after the close of discovery. For more information on proceeding pro se in this District, Plaintiff should visit this webpage: https://nysd.uscourts.gov/prose?clinic= or contact the NYLAG Legal Clinic for Pro Se Litigants at 212-659-6190.

However, Plaintiff is reminded that on September 16, 2021, this case was referred for mediation to the Court's Mediation Program, per this Court's standing mediation referral order for pro se employment discrimination cases. (Doc. 6.) As part of that referral, the Clerk of Court was directed to attempt to locate pro bono counsel to represent Plaintiff at the mediation. (*Id.*) Pro bono counsel will contact Plaintiff directly. (*Id.*) Pro bono counsel will represent Plaintiff solely for purposes of the mediation, and that representation will terminate at the conclusion of the mediation process. (*Id.*)

The Clerk's Office is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

Dated: January 3, 2022
New York, New York

Vernon S. Broderick
United States District Judge