```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CARLOS LUGO,                                                :
                                                            :
                                  Plaintiff,                :
                                                            :          21-CV-7423 (VSB)
                -against-                                   :
                                                            :          OPINION & ORDER
                                                            :
LESBIAN & GAY COMMUNITIES                                   :
SERVICE CENTER and CHRIS LAPLANT,                           :
                                                            :
                                  Defendants.               :
                                                            :
----------------------------------------------------------- X
```

Appearances:

Carlos Lugo
*Pro se* Plaintiff

John A. Snyder, II
Cooper Binsky
Jackson Lewis P.C.
New York, NY

VERNON S. BRODERICK, United States District Judge:

Plaintiff Carlos Lugo ("Plaintiff") initiated this action against the Lesbian & Gay Community Services Center[1] ("The Center") and Chris LaPlant ("LaPlant") (collectively "Defendants"), by filing a verified complaint alleging employment discrimination on the basis of Plaintiff's sexual orientation. (Doc. 2, "Complaint.") Specifically, Plaintiff raises claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and New York State Human Rights Law ("NYSHRL"), N.Y. Exec Law § 296. (*Id.*) Defendants move to dismiss Plaintiff's Title VII claim pursuant to Fed. R. Civ. P. 12(b)(1) and Plaintiff's NYSHRL

---

[1] In his complaint, Plaintiff incorrectly identifies the "Lesbian & Gay Community Services Center," (Doc. 23), as the "Lesbian and Gay Communities Service Center," (Doc. 2). The Clerk of Court shall amend the caption to reflect Defendant's correct name.

claim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 23.) For the following reasons, Defendants' motion to dismiss Plaintiff's claims is GRANTED.

I. **Factual Background**[2]

In September of 2019, Plaintiff was offered and accepted a temporary porter position for The Center through Forrest Solution, a temporary job agency. (Complaint 6.)[3] While working at The Center, Plaintiff met a co-worker named Kia who would assign him daily tasks to do as part of his job.[4] (*Id.*) One day, Kia told Plaintiff "you clean the bathroom the minute its dirty," to which Plaintiff responded "I know how to do the work there's no need to stand around me and coach me like this job is so difficult." (*Id.*) After this exchange, Kia began acting "in a threatening, aggressive, and harassing manner" towards Plaintiff. (*Id.*) Plaintiff reported Kia's behavior to his supervisor, Austin, and to LaPlant, but Kia's treatment of Plaintiff continued.[5] (*Id.*)

On October 11, 2019, Plaintiff was approached by a coworker, Will, who asked Plaintiff to place wet floor signs on a staircase landing and Plaintiff agreed.[6] (*Id.*) Will approached Kia

---

[2] The facts set forth in this section are derived from Plaintiff's Complaint, (Doc. 2), and records related to Plaintiff's October 2019 Action before the New York State Division of Human Rights ("NYSDHR"). When deciding a motion to dismiss, in addition to considering the Plaintiff's complaint and its attachments, courts may consider anything of which judicial notice may be taken. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). Here, I take judicial notice of: the Plaintiff's October 2019 NYSDHR complaint, (Doc. 24-2), the NYSDHR's findings, (Doc. 24-3), Plaintiff's Article 78 Petition to the Supreme Court of the State of New York, (Doc. 24-4), and the Court's Order re Article 78 petition, (Doc. 24-5.) *See, e.g., Benjamin v. City of Yonkers*, No. 13 CV 8699 VB, 2014 WL 6645708, at *1 (S.D.N.Y. Nov. 24, 2014) ("The court may take judicial notice of state administrative records, such as those of the NYSDHR"); *Fraticelli v. Good Samaritan Hosp.*, No. 11-cv-3376, 2012 WL 4069292, at *3 (S.D.N.Y. July 23, 2012) ("The Court takes judicial notice of plaintiff's EEOC charge filed with the NYSDHR" while ruling on a motion to dismiss.). I assume the allegations set forth in the Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[3] Due to inconsistent page numbering, references to page numbers of the Complaint refer to the ECF stamped page numbers.

[4] The Complaint does not include the full name for Kia.

[5] The Complaint does not include the full name for Austin.

[6] The Complaint does not include the full name for Will.

2

and informed her of what he had said to Plaintiff.  (*Id.*)  Plaintiff interrupted Will and asked him to keep the conversation between themselves.  (*Id.*)  Offended, Kia walked away and Will followed her.  (*Id.*)  Later that day, Plaintiff was summoned to the office where he was sent home.  (*Id.*)  Plaintiff texted LaPlant, explained the situation that occurred, and asked him to observe the cameras to see that Kia was the instigator.  (*Id*. at 6–7.)  Plaintiff was informed by Forrest Solution that he was fired for being aggressive towards Kia.  (*Id*. at 7.)

On October 24, 2019, Plaintiff filed a complaint against The Center with the New York State Division of Human Rights ("NYSDHR").  (Doc. 24-2.)  Plaintiff's NYSDHR complaint included allegations of the same factual circumstances described in the Complaint filed by Plaintiff in the present matter.  After performing an investigation, the NYSDHR found that Plaintiff "presented no allegations or evidence that he was discriminated against because of his sexual orientation, nor that he complained of discrimination/harassment on the basis of any protected class."[7]  (Doc. 24-3 at 4.)  On July 2, 2021, Plaintiff filed an Article 78 proceeding with the Supreme Court of the State of New York, New York County appealing the NYSDHR's decision.  (Doc. 24-4.)  On September 17, 2021, Judge Carol R. Edmead denied the petition and dismissed the proceeding.  (Doc. 24-5.)

II.    **Procedural History**

Plaintiff filed the Complaint in this matter on September 3, 2021.  (Doc. 2.)  The United States Marshal filed process receipts and returns of service executed on December 17, 2021.  (Docs. 12–13.)  On February 7, 2022, Defendants filed the present motion to dismiss the Complaint.  (Doc. 22.)  Plaintiff opposed the motion and filed two responses on February 28,

---

[7] The NYSDHR's determination appears to contain a typographical error in that in one sentence it refers to Plaintiff as "a gay male." (Doc. 24-3 at 1.) However, in the remainder of the decision it describes Plaintiff as claiming discrimination based on his sexual orientation as a "not gay" male. (*Id*. at 1, 4.)

3

2022. (Docs. 26–27.) On March 7, 2022, Defendants filed a reply brief. (Doc. 29.) Plaintiff filed a sur-reply on March 18, 2022. (Doc. 30.) Because Plaintiff did not obtain prior permission to file the sur-reply, I do not consider it in connection with this Opinion & Order.

### III. Legal Standards

#### A. *Rule 12(b)(1)*

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation marks omitted). Pursuant to Rule 12(b)(1), a case must be dismissed if the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

#### B. *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements,

and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237.  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Courts are required to "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017) (internal quotation marks omitted).  This requirement does not free *pro se* litigants from the requirement to establish subject matter jurisdiction. *See Smith v. Sch. of Visual Arts*, No. 15 Civ. 8049 (RA), 2016 WL 3440553, at *2 (S.D.N.Y. June 9, 2016).  Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## IV. Discussion

### A. NYSHRL Claim

The NYSHRL allows Plaintiffs to file complaints for unlawful discrimination either through an administrative action with the NYSDHR or through judicial action.  Importantly, "the remedies of administrative review through the Division or judicial review are *mutually exclusive*." *Moodie v. Federal Res. Bank*, 58 F.3d 879, 882 (2d Cir. 1995) (emphasis in original).  Because these remedies are mutually exclusive, a complaint that has already been dismissed on the merits by the NYSDHR "must be dismissed for lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)." *Marecheau v. Equal Employment Practices Comm'n*, No. 13-CV-2440 VEC, 2014 WL 5026142, at *4 (S.D.N.Y. Sept. 30, 2014).

As noted, Plaintiff alleged the same factual circumstances in the present action as he raised before the NYSDHR. The NYSDHR performed an investigation and issued a five-page order deciding Plaintiff's claim on the merits. (Doc. 24-3.) Since the NYSDHR has already dismissed Plaintiff's state law claims on the merits, the present claim must be dismissed for lack of subject matter jurisdiction. Although LaPlant was not named in the Plaintiff's NYSDHR proceeding, because the allegations underlying both matters are the same, I find that I also lack subject matter jurisdiction over Plaintiff's state law claim against LaPlant. *See Stanley v. Guardian Sec. Servs., Inc.*, 800 F. Supp. 2d 550, 556 (S.D.N.Y. 2011).

### B. *Title VII Claims*

Plaintiff's remaining claims under Title VII lack merit. As an initial matter, Plaintiff's Title VII claims against LaPlant must fail because it is well-established that "[t]here is no individual liability under Title VII." *Cromwell-Gibbs v. Staybridge Suite Times Square*, No. 16 CIV 5169 (KPF), 2017 WL 2684063, at *6 n.4 (S.D.N.Y. June 20, 2017) (quoting *Gomez v. N.Y.C. Police Dep't*, 191 F. Supp. 3d 293, 302 (S.D.N.Y. 2016)); *see also Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 62 (2d Cir. 2016) ("Title VII does not provide for individual liability"); *Darcy v. Lippman*, 356 F. App'x 434, 437 (2d Cir. 2009) ("the ADA . . . like Title VII, do[es] not provide for actions against individual supervisors.").

Plaintiff fails to state a Title VII retaliation claim against The Center. "[F]or a retaliation claim to survive . . . a motion to dismiss, the plaintiff must plausibly allege that: (1) [the] defendants discriminated — or took an adverse employment action — against him, (2) 'because'

he has opposed any unlawful employment practice." *Cammarata v. City Univ. of New York*, No. 17-CV-6456 (MKB), 2019 WL 3859401, at *9 (E.D.N.Y. Aug. 15, 2019) (citing *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015)). Title VII describes employment practices that are unlawful, including discrimination against an individual with respect to their "compensation, terms conditions, or privileges of employment" because of their "race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1). In support of his retaliation claim, Plaintiff asserts that he was fired because he filed "a complaint against Kia, a co-worker, for threatening, aggressive and harassing treatment of him." (Doc. 2 at 7.) Plaintiff does not describe any conduct by Kia that would constitute an unlawful employment practice. Accordingly, Plaintiff's Title VII retaliation claims are dismissed.

Plaintiff's Title VII discrimination claim against the Center also fails. In order to survive a motion to dismiss for a Title VII discrimination claim, "a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega*, 801 F.3d at 86. Plaintiff's Complaint describes a disagreement he had with Kia, a coworker, related to his job, including the cleaning of a bathroom. (Complaint 6.) Plaintiff does not allege that this disagreement was related to his sexual orientation. Plaintiff then explains that "for that exchange Kia started acting . . . in a threatening, aggressive and harassing matter." (*Id.*) By Plaintiff's own account, Kia's treatment towards him was not related to his sexual orientation or gender identity. "It is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through such concrete deprivations as being fired or being denied a promotion, is actionable under Title VII only when it occurs because of an employee's sex, or other protected characteristic." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001).

Plaintiff explains that although he was told that he was fired due to his being aggressive towards his co-worker, (Complaint 7), he believes he was "discriminated against for filing a complaint against Kia." (*Id.*)  Again, Plaintiff does not allege that his termination was caused by his sexual orientation or gender identity.  Although Plaintiff does note that he "is a heterosexual male" and his workplace was "predominately gay," nowhere in his Complaint does he allege that his sexual orientation or gender identity were motivating factors for his termination.  In fact, Plaintiff summarizes the alleged discrimination as "LaPlant fired him because of his complaining about a fellow gay coworker." (Doc. 27 at 1.)  Even accepting this statement as true, these facts do not support a finding that Plaintiff's race, color, religion, sex, or national origin motivated his termination.  Because Plaintiff fails to allege any facts that show Defendants discriminated against him due to his sexual orientation or gender identity, his Title VII discrimination claims are dismissed.

### C. *Leave to Amend*

"[I]t is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995).  Generally speaking, a *pro se* plaintiff should be granted leave to amend if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F. 3d 794, 795 (2d Cir. 1999).  However, leave to amend may be denied in circumstances where amendment would be futile.  *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016); *TechnoMarine SA v. Giftports, Inc.*, 758 F. 3d 493, 505 (2d Cir. 2014).

Certain of Plaintiff's claims would be futile to replead.  Plaintiff's NYSHRL claim has already been resolved by the NYSDHR, therefore repleading it would be futile.  *See e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000) (where "problem with . . . causes of action is

8

substantive" and "better pleading will not cure it[,] ... [r]epleading would . . . be futile" suit should be dismissed with prejudice). Plaintiff's Title VII claims against LaPlant are not statutorily permitted and therefore also cannot be cured.

With regard to Plaintiff's Title VII claim against The Center, it seems doubtful Plaintiff will be able to state a valid Title VII claim. Although Plaintiff devotes a section of his opposition brief to attempting to explain why granting "leave to amend is not futile," his argument only repeats the same threadbare assertions and reasserts that "Plaintiff has demonstrated sufficient factual basis for his claim." (Doc. 27 at 4.) However, because Plaintiff has not previously amended his Complaint, is *pro se* and could possibly plausibly allege a valid Title VII claim against The Center, I grant him leave to file an amended complaint within thirty (30) days of the filing of this Opinion & Order.

### V.      Conclusion

For the reasons set forth above, Defendants' motion to dismiss is GRANTED. Specifically, Plaintiff's claims against LaPlant are DISMISSED with prejudice; Plaintiff's NYSHRL claim against The Center is DISMISSED with prejudice; and Plaintiff's Title VII claim against The Center is DISMISSED without prejudice. Plaintiff may file an amended complaint within thirty (30) days of the filing of this Opinion & Order. Failure to file an amended complaint or request additional time to do so will result in dismissal of this matter.

The Clerk of Court is respectfully directed to: (1) terminate the motion at Doc. 22; (2) amend the caption to reflect Defendant's correct name; and (3) mail a copy of this Order to the *pro se* plaintiff.

SO ORDERED.

Dated:     October 12, 2023
             New York, New York

_____
VERNON S. BRODERICK
United States District Judge

10