USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS LUGO,

                Plaintiff,

-against-

LESBIAN & GAY COMMUNITIES SERVICE CENTER, et al.,

                Defendants.

---

21-cv-07423 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    *Pro se* Plaintiff Carlos Lugo ("Plaintiff" or "Lugo") initiated the above-captioned action against Defendant Lesbian & Gay Community Services Center ("The Center") on September 3, 2021.[1] Dkt. No. 2. After Judge Vernon Broderick, who was previously assigned to this matter, granted Defendant The Center's motion to dismiss the complaint on October 12, 2023, Plaintiff filed an amended complaint on January 17, 2024 against The Center and added a new defendant, Forrest Solutions ("Forrest"). *See* Dkt. No. 34. Presently before the Court are two motions to dismiss the Amended Complaint filed separately by Defendant The Center and Defendant Forrest. *See* Dkt. Nos. 46, 60. For the reasons that follow, both Defendants' motions to dismiss are GRANTED.

### FACTS AND PROCEDURAL HISTORY

    In his original complaint (Dkt. No. 2), Plaintiff asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the New York Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296. Defendant The Center, along with former defendant

---

[1] Defendant Chris LaPlant was named as a defendant in the original complaint, *see* Dkt. No. 2, but the claims asserted against him were dismissed with prejudice. *See* Dkt. No. 34.

Chris LaPlant, who has since been dismissed from this action, moved to dismiss Plaintiff's original complaint. Dkt. No. 23. Judge Broderick granted Defendants' motion on October 12, 2023. *See* Dkt. No. 34. Specifically, Judge Broderick dismissed Plaintiff's claims asserted against Mr. LaPlant with prejudice, dismissed Plaintiff's NYSHRL claim with prejudice, and dismissed Plaintiff's Title VII claims asserted against The Center without prejudice. *Id.* at 9. Judge Broderick afforded Plaintiff an opportunity to file an amended complaint. *Id.* Plaintiff filed his Amended Complaint on January 17, 2024 and therein asserts Title VII claims against Defendant The Center and Defendant Forrest for alleged employment discrimination and retaliation on the basis of sexual orientation. *See* Dkt. No. 39.

The facts alleged in Plaintiff's Amended Complaint largely mirror those contained in his original complaint.[2] In September 2019, Plaintiff accepted a position as a temporary porter at The Center through Forrest, a temporary job agency. *Id.* at 1, 10. While working at The Center, Plaintiff met "Kia,"[3] who assigned his daily tasks. *Id.* Soon after he was hired, Kia allegedly told Plaintiff, "you clean the bathroom the minute it[']s dirty." *Id.* Plaintiff responded, "I know how to do the work there's no need to stand around me and coach me like this job is so difficult." *Id.* Kia then acted "in a threatening, aggressive, and harassing manner" towards Plaintiff. *Id.* For example, Kia allegedly told Plaintiff, "I'm going to get you fired because your kind doesn't belong here." *Id.* at 2. Plaintiff reported this behavior to his supervisor, who initially told him to ignore Kia because "she was young," but then, after a second incident in which Plaintiff again reported the same language by Kia, his supervisor told him that "Kia was right, his kind doesn't

---

[2] Plaintiff's Amended Complaint (Dkt. No. 39) is the operative complaint in this action. The Amended Complaint is attached to the original complaint, so the Court will consider the entire filing to be Plaintiff's Amended Complaint.

[3] Although the Amended Complaint does not identify Kia's full name, Defendant stated that Kia's full name is Lakia Graham. Dkt. No. 47 at 2 n.2.

2

belong there." *Id.* Plaintiff allegedly reported this incident by text to the director of The Center and "was met with a discerning opinion." *Id.*

On October 11, 2019, Plaintiff's coworker "Will".[4] asked Plaintiff to put out signs warning of a wet floor on a staircase landing, and Plaintiff agreed. *Id.* at 10. Will allegedly told Kia about this conversation, and Plaintiff interrupted Will to ask that he keep their conversation between themselves. *Id.* Upon hearing this, Kia appeared offended and walked away, and Will followed. *Id.* Plaintiff was then "summoned to the office where he was told to go home because he had acted aggressively towards Kia." *Id.* at 2, 10.

After this incident, Defendants The Center and Forrest "exchanged text messages alluding to Plaintiff's firing," allegedly stating that 'they would not send Plaintiff out on any more jobs." *Id.* at 2. Plaintiff was then "informed by Forrest Solution[s] that [he] was fired because [he] was aggressive towards [his] co-worker Kia." *Id.* at 11.

## ANALYSIS

Defendant The Center moved to dismiss the Amended Complaint in its entirety on March 1, 2024. Dkt. Nos. 46–48. Plaintiff opposed the motion on March 25, 2024. Dkt. No. 54. Defendant The Center filed its reply on April 29, 2024. Dkt. No. 56. Then, on June 6, 2024, Defendant Forrest moved to dismiss the Amended Complaint in its entirety. Dkt. Nos. 60, 61. Plaintiff failed to timely file an opposition to Defendant Forrest's motion, so Defendant Forrest requested "that the Court grant the Motion to [D]ismiss with prejudice as unopposed and for the reasons set forth in [the] Motion." Dkt. No. 64 at 1. Upon receipt of this letter, the Court provided Plaintiff with another opportunity to oppose Defendant Forrest's motion, and ordered that "if Plaintiff does not oppose Defendant Forrest's motion to dismiss by August 13, 2024, the

---

[4] Although the Amended Complaint does not identify Will's full name, Defendant The Center stated that his full name is Begnino Williams. Dkt. No. 47 at 2 n.3.

Court will deem Defendant Forrest's motion to dismiss unopposed and the Court will proceed to decide it." Dkt. No. 66. As of the date of this Opinion and Order, Plaintiff has not opposed Defendant Forrest's motion to dismiss or otherwise communicated with the Court. Accordingly, the Court will treat Defendant Forrest's motion to dismiss as unopposed.

## I. Legal Standard

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim only has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. The standard for surviving a motion to dismiss is not difficult to meet. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (the issue on a motion to dismiss is whether a plaintiff is entitled to offer evidence to support its claims, not whether the plaintiff will ultimately prevail).

When ruling on a Rule 12(b)(6) motion, the Court must accept all factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Koch v. Christie's Int'l, PLC*, 699 F.3d 141, 145 (2d Cir. 2012). However, courts are not required to accept as true legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In assessing the sufficiency of the complaint, the court may also consider documents incorporated into the complaint by reference or attached to the complaint as exhibits, or whose terms and

effect are relied upon by the plaintiff in drafting the complaint. *See Gryl ex rel. Shire Pharm. Grp. PLC v. Shire Pharm. Grp. PLC*, 298 F.3d 136, 140 (2d Cir. 2002); Fed. R. Civ. P. 10(c).

Finally, courts are required to "'liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest.'" *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)). Although all allegations contained in the operative complaint are taken to be true, this rule is "inapplicable to legal conclusions," *Iqbal*, 556 U.S. at 678, and the factual allegations must be at least "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

## II. Plaintiff's Title VII Claims Asserted Against Defendant The Center Fail

Liberally construed, Plaintiff alleges Title VII retaliation and discrimination claims against Defendant The Center. Dkt. No. 39 at 3. Both claims fail.

A plaintiff asserting a Title VII discrimination claims bears the initial burden of showing a prima facie case of discrimination and, to do so, must show that (i) he belongs to a protected class, (ii) he was qualified for the position, (iii) he suffered an adverse employment action, and (iv) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008); 42 U.S.C. § 2000e-2(a)(1). At the motion to dismiss stage, the fourth factor can be satisfied by plausible allegations that the adverse employment action was motivated, at least in part, by the plaintiff's protected class characteristics. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). Title VII also protects against retaliatory action for reporting discrimination. 42 U.S.C. § 2000e-3(a) (it "shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an

unlawful employment practice by this subchapter or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."). "At the pleading stage, the plaintiff need only 'sustain a *minimal* burden of showing facts suggesting an interest of discriminatory motivation.'" *Gurley v. David H. Berg & Assoc.*, No. 20-CV-9998 (ER), 2022 WL 309442, at *2 (S.D.N.Y. Feb. 2, 2022) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)) (emphasis in original).

Plaintiff's Amended Complaint does not meet this "minimal burden." With respect to Plaintiff's Title VII discrimination claim against Defendant The Center, Plaintiff fails to allege any facts that plausibly give rise to an inference of discrimination. The only new allegations in the Amended Complaint that are relevant to his discrimination claim are that (i) Kia allegedly told Plaintiff early in his (then-temporary) employment "I'm going to get you fired because your kind doesn't belong here," and (ii) that, approximately a month later, when Plaintiff was told by supervisors that he should go home because of allegations that he had been aggressive towards Kia, he told the supervisor about Kia's previous remark and was told he should go home and the supervisor added "that Kia was right, his kind doesn't belong there." Dkt. No. 39 at 2.

These allegations do not correct the deficiencies in Plaintiff's original complaint that Judge Broderick identified in his dismissal order. As Judge Broderick explained, "Plaintiff does not allege that this disagreement was related to his sexual orientation," and "[b]y Plaintiff's own account, Kia's treatment towards him was not related to his sexual orientation or gender identity." Dkt. No. 34 at 7. Plaintiff's own account of his short assignment to The Center reveals contentious interactions in which Plaintiff tells his direct supervisor, within his first few days, not to give him instruction about how to do his work, and then later tells a co-worker not to discuss relevant events on the job with that same supervisor. Dkt. No. 39 at 2, 10. The

allegation that Plaintiff was told that "his kind doesn't belong" occurred on an unspecified day in an unspecified context, and it would be pure speculation to conclude that Kia (or Plaintiff's other unnamed supervisor, weeks later, when the remark was reported by Plaintiff in response to being sent home for behavior issues) were referring to Plaintiff's sexual orientation, race, or any other protected characteristic, when they allegedly said the remark. And, even if they were referring to Plaintiff's sexual orientation, the Second Circuit has said that "[s]tray remarks, even if made by a decision maker, do not constitute sufficient evidence [to support] a case of employment discrimination." *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 56 (2d Cir. 1998); *see also Dixon v. Int'l Fed. of Accountants*, 416 F. App'x 107, 110 (2d Cir. 2011) (explaining that an "isolated derogatory remark" made by someone with no role in Plaintiff's termination is insufficient to support a Title VII discrimination claim).

In his opposition, Plaintiff argues that he "belongs to a protected class" because "[h]e is a man of color and cannot be discriminated against" and that he "was subject to discriminatory actions by a fellow co-worker who harassed him on the job because of his sexual orientation."[5] Dkt. No. 54 at 3. He also argues that "[i]t was discriminatory to place plaintiff in an environment that hated straight people of color." *Id.* at 4.

This argument—that "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class)"—is one that has been repeatedly rejected by courts as a false syllogism that does not support an inference of discrimination. *Ochei v. The Mary Manning Walsh Nursing Home Co., Inc.*, 2011 744738, at *3 (S.D.N.Y. Mar. 1, 2011) (citing *Grillo v. N.Y. City Transit Auth.*, 291 F.3d 231 (2d Cir. 2001)); *see also Johnson v. Morrison & Foerster LLP*, No. 14-CV-

---

[5] The Court notes that Plaintiff's Amended Complaint makes no reference to his race.

7

428, 2015 WL 845723, at *6 (S.D.N.Y. Feb. 26, 2015).  Plaintiff's amended complaint fails to allege that he was discriminated against *because of* a protected characteristic.  In other words, Plaintiff does not sufficiently link the allegedly discriminatory treatment he experienced (the early end of a position that he admits was temporary, or a mutually unpleasant relationship with a supervisor) to his sexual orientation, race, or any other protected characteristic.  Thus, the Court finds that Plaintiff has failed to state a claim for Title VII discrimination.

Plaintiff's Title VII retaliation claim suffers from the same fatal defect as his discrimination claim.  Plaintiff alleges that Defendant The Center "fired him because of his sexual orientation." *Id.* at 3.  This conclusory allegation is both unsupported by the rest of the Amended Complaint and directly contradicted by Plaintiff's other explanations for his firing, including that he was fired because he "was aggressive towards [his] co-worker, Kia."  Dkt. No. 39 at 2, 11.  Plaintiff's Amended Complaint still fails support the conclusion that his firing was motivated by his race, sexual orientation, gender identity, or any other protected characteristic.  Accordingly, because Plaintiff fails to allege sufficient facts to show Defendant The Center discriminated against him due to any protected characteristic, or retaliated against him for reporting discrimination, the Court finds that Plaintiff has failed to state a claim for Title VII discrimination.

### III. Plaintiff's Title VII Claims Asserted Against Defendant Forrest Solutions Fail

Plaintiff added Forrest as a defendant in this action in his Amended Complaint and simply claims that "[t]hey share liability in this case with Lesbian & Gay Communities Service Center." *See* Dkt. No. 39 at 3.  Plaintiff fails to allege specific claims against Defendant Forrest or identify Forrest employees with whom he worked, but, construing the Amended Complaint in the light most favorable to Plaintiff, the Court has determined that Plaintiff attempts to assert

8

claims for Title VII discrimination and retaliation against Defendant Forrest. *See id.* Defendant Forrest alleges that Plaintiff failed to exhaust administrative remedies because he did not file an EEOC charge against it, and Defendant Forrest further argues Plaintiff's claims against it are time-barred because he failed to file an EEOC charge against it within the allotted timeframe to do so. *See* Dkt. No. 61 at 5–6. As noted above, Plaintiff did not file an opposition to Defendant Forrest's motion to dismiss, and the Court thus treats it as unopposed.

Pursuant to Title VII, "a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A*, 274 F.3d 683, 686 (2d Cir. 2001); *see also* 42 U.S.C. § 2000e-5(e)(1). The plaintiff must file a written description of the unlawful employment practice with the EEOC within 300 days of its occurrence and, prior to bringing suit, the plaintiff must receive a right to sue letter form the EEOC in order to exhaust administrative remedies. 42 U.S.C. § 2000e-5(e)(1); *see also Williams v. New York City Housing Auth.*, 458 F.3d 67, 69 (2006).

Plaintiff does not allege that he filed an administrative charge with the EEOC against Defendant Forrest, nor does he allege that he received a right to sue letter as against Defendant Forrest from the EEOC. *See generally* Dkt. No. 39; *see also Howell v. 1199 Union*, No. 14-CV-0174 (AT) (FM), 2015 WL 273655, at *5 (S.D.N.Y. Jan. 16, 2015) ("Howell has not stated that he exhausted his remedies by filing an EEOC complaint. Nor has Howell alleged that he obtained or even attempted to procure a right-to-sue letter. Therefore, Howell has 'failed to comply with the procedural requirements for failing a Title VII discrimination claim[.]'" (quoting *Canty v. Wackenhut Corr. Corp.*, 255 F. Supp. 2d 113, 117 (E.D.N.Y. 2003))). Plaintiff did not oppose Defendant Forrest's motion to dismiss, so there are no arguments or allegations to

refute the conclusion that Plaintiff did not exhaust his administrative remedies against Defendant Forrest prior to adding it to this suit.

However, "a plaintiff's failure to obtain a notice-of-right-to-sue letter is not a jurisdictional bar, but only a precondition to bringing a Title VII action that can be waived by the parties or the Court." *Pietras v. Bd. of Fire Comm'rs of the Farmingville Fire Dist.*, 180 F.3d 468, 474 (2d Cir. 1999). Defendant Forrest has not waived this requirement and, upon review of the record, the Court declines to equitably waive the requirement of a right-to-sue letter. As discussed above, Plaintiff failed to include any allegations in his complaint regarding any EEOC action against Defendant Forrest, and Plaintiff declined to respond or oppose Defendant Forrest's motion to dismiss, which is premised on Plaintiff's failure to exhaust administrative remedies. *See Crisci-Balestra v. Civil Serv. Employees Ass'n, Inc.*, No. 07-CV-1684, 2008 WL 413812, at *4 (E.D.N.Y. Feb. 13, 2008) (dismissing the plaintiff's claims where the "plaintiff fail[ed] to respond directly to the sole question on the form complaint pertaining to a right-to-sue letter" and she "failed to respond to defendant's motion, which explicitly argued that the absence of a right-to-sue letter warranted dismissal of the complaint"). Accordingly, the Court agrees with Defendant Forrest that Plaintiff failed to exhaust his administrative remedies, and the claims Plaintiff asserted against it must now be dismissed.

Because the Court is dismissing Plaintiff's claims asserted against Defendant Forrest on grounds that he failed to administratively exhaust his claims, the Court declines to address Defendant Forrest's argument that Plaintiff's claims are time-barred. *See* Dkt. No. 61 at 6.

## IV. Leave to Amend

"[I]t is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). "Although district judges

should, as a general matter, liberally permit pro se litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Village of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

The Court finds that it would be futile for Plaintiff to replead any of his claims against Defendant The Center. This is Plaintiff's second time pleading his Title VII discrimination and retaliation claims against Defendant The Center, and Plaintiff could not plausibly state a claim either time. Likewise, Plaintiff's opposition to The Center's motion to dismiss does not suggest additional facts which, if properly alleged, could cure the defects in his two complaints. In other words, there is no indication that a third attempt to plead Title VII claims against Defendant The Center would somehow fare any better than the first two attempts. *See Gray v. Nestle Waters N. Am., Inc.*, No. 22-CV-1840, 2023 WL 7320595, at *2 (Nov. 7, 2023) ("Although district courts should not dismiss a *pro se* complaint without permitting at least one opportunity to amend when a liberal reading of the complaint gives any indication that a valid claim might be stated, granting leave to amend is not necessary when amendment would be futile." (internal references omitted)); *Perry v. Sony Music*, 462 F. Supp. 2d 518, 520 (S.D.N.Y. 2006) ("Because [the *pro se* plaintiff] was already afforded an opportunity to cure the deficiencies in his initial complaint and failed to do so in the amended complaint, the Court deems it appropriate not to grant any further leave to replead."). Therefore, the Court denies Plaintiff leave to amend his complaint with respect to claims asserted against Defendant The Center.

Although Plaintiff has not yet had the opportunity to amend to cure the deficiencies as to Defendant Forrest, the Court gave Plaintiff multiple opportunities to oppose Defendant Forrest's motion to dismiss, whether by providing documentation of a right-to-sue letter or otherwise, and

11

Plaintiff failed entirely to respond.  Plaintiff is clearly aware of the EEOC administrative exhaustion requirement, because he pursued this preliminary step against Defendant The Center before bringing this action.  Given that Plaintiff has declined to avail himself of opportunities to amend against Defendant Forrest, or to oppose the motion to dismiss (which would necessarily involve identifying evidence of his exhaustion of administrative remedies, or reasons why such failure to exhaust should be excused), the Court finds that additional opportunities to amend would be futile.

## CONCLUSION

For the reasons discussed above, it is hereby ORDERED that Defendant The Center's motion to dismiss (Dkt. No. 46) and Defendant Forrest's motion to dismiss (Dkt. No. 60) are both GRANTED, and all claims against all defendants are DISMISSED WITH PREJUDICE.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 46 and 60, and to close this case.

Dated: December 19, 2024
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge